UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AUTONATION, INC. and
AUTONATION HOLDING CORP.,

CASE NO.: ____________________

Plaintiffs,

vs.

AUTONATION OF MIAMI, INC.
and GUILLERMO CASTELLANOS,

Defendants.
_______________________________________/

# COMPLAINT

Plaintiffs, AUTONATION, INC. ("AutoNation, Inc.") and AUTONATION HOLDING CORP. ("AutoNation Holding Corp.") (hereinafter collectively referred to as "AutoNation"), by and through their undersigned counsel, sues the Defendants, AUTONATION OF MIAMI, INC. and GUILLERMO CASTELLANOS (hereinafter collectively referred to as "Defendants"), and allege as follows:

## Nature of the Action

1. This is an action to cease Defendants' unauthorized use of AutoNation's valuable trademark rights in and to the AutoNation service marks in connection with the sale of automobiles. As alleged more fully below, Defendants have engaged and continues to engage in trademark infringement, unfair competition, false designation of origin, and false advertising in violation of the Trademark Act of 1946 as amended, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), as well as Florida law.

## Parties

2. Plaintiff, AutoNation, Inc., is a Delaware corporation with its principal place of business at 200 SW 1st Avenue, Suite 1400, Fort Lauderdale, Florida 33301.

3. Plaintiff, AutoNation Holding Corp., is a Delaware corporation with its principal place of business at 200 SW 1st Avenue, Suite 1400, Fort Lauderdale, Florida 33301. AutoNation Holding Corp. is a wholly owned subsidiary of AutoNation, Inc. AutoNation, Inc. has invested in and indirectly owns more than 200 automobile dealerships and collision centers in the United States.

4. Defendant, AUTONATION OF MIAMI, INC., is a Florida profit corporation with its principal address at 511 NW 79th Street, Miami, Florida 33150. Defendant is in the business of selling and servicing automobiles in competition with AutoNation and their subsidiaries.

5. Defendant, GUILLERMO CASTELLANOS, is a Florida resident who resides at 511 NW 79th Street, Miami, Florida 33150. Defendant is in the business of selling and servicing automobiles in competition with AutoNation and their subsidiaries.

**Jurisdiction and Venue**

6. This Court has personal jurisdiction over Defendants because Defendants reside in and conduct business in the State of Florida.

7. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over AutoNation's claims under Florida law.

8. Venue is proper in this District under 28 U.S.C. §1391(b), as Defendants resides in this District and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred and is occurring in this District.

**AutoNation's Famous Service Marks**

9. AutoNation Holding Corp. is a wholly owned subsidiary of AutoNation, Inc. AutoNation, Inc. has invested in and indirectly owns more than 200 automobile dealerships and collision centers in the United States.

10. AutoNation has used the mark AUTONATION in connection with the automotive retail and service business that it has invested in or indirectly owns in the State of Florida and across the country.

11. AutoNation Holding Corp. is the owner of the following United States Trademark Registrations for the AUTONATION service marks:

| Mark | Reg. No. | Reg. Date | Services/Goods |
|---|---|---|---|
| **AUTONATION.COM** | 2,496,882 | October 9, 2001 | Automotive repair and maintenance services |
| **AUTONATION.COM** | 2,491,301 | September 18, 2001 | Financial services, namely, financing the purchase of new and used motor vehicles and underwriting insurance and warranty contracts for new and used motor vehicles |
| **AUTONATION.COM** | 2,491,300 | September 18, 2001 | Automobile dealership services |
| **AUTONATION** | 2,559,335 | April 9, 2002 | Automotive repair and maintenance services |
| **AUTONATION** | 2,480,480 | August 21, 2001 | Financial services, namely, financing the purchase of new and used motor vehicles and underwriting insurance and warranty contracts for new and used motor vehicles |

| Mark | Reg. No. | Reg. Date | Services/Goods |
|---|---|---|---|
| **AUTONATION** | 2,735,024 | July 8, 2003 | Automobile dealership services |

12. The Registrations identified in paragraph 10 above are valid and subsisting, and have become incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of the above-referenced registrations are attached hereto as Exhibits A through F and by reference are herein incorporated (the "AutoNation Service Marks").

13. AutoNation, Inc., through its indirectly owned subsidiaries and affiliated entities, has been the exclusive licensee and authorized user of the AutoNation Service Marks continuously in the United States since at least as early as 1996 in connection with the sale and service of motor vehicles and related products and services.

14. AutoNation has expended substantial funds in connection with advertising efforts in Florida and across the country in connection with the AutoNation Service Marks.

15. As a direct result of AutoNation's long use and promotion of the AutoNation Service Marks, the AutoNation Service Marks have become valuable assets of AutoNation, which signify to the consuming public a standard of high quality automotive retail and collision services originating exclusively from AutoNation.

16. As a direct result of AutoNation's long use and promotion of the AutoNation Service Marks, AutoNation has acquired and enjoys a substantial amount of goodwill associated with the AutoNation Service Marks.

**Defendant's Wrongful Activities**

17. Defendants are and have been using the AutoNation Service Marks in connection with the promotion and sale of automobiles without authorization or permission from AutoNation.

18. Defendants have been using the AutoNation Service Marks in metatags and on the internet used to promote Defendants' sale of automobiles. Indeed, Defendants have registered "AutoNation of Miami, Inc" with the Florida Secretary of State, a copy of which is attached hereto as Exhibit "G. " A copy of a page printed out from Defendants' internet Facebook site is attached hereto as Exhibit "H. "

19. Defendants are not affiliated with or sponsored by AutoNation or any of its indirectly owned subsidiaries or affiliates.

20. Defendants have never been authorized or licensed by AutoNation or any of its subsidiaries, affiliates or authorized agents to use the AutoNation Service Marks in any form.

21. Defendants' unauthorized use of the AutoNation Service Marks in connection with the promotion and sale of automobiles is intended to divert to Defendants and away from AutoNation persons who are interested in the products and services of AutoNation's indirectly owned dealerships and collision centers (hereinafter, "AutoNation's products and services") and to trade off the goodwill associated with the AutoNation Service Marks.

22. Defendants' unauthorized use of the AutoNation Service Marks in the manner described above:

(a) is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of Defendants' products and services, or as to some affiliation, connection, or association of Defendants with AutoNation;

(b) is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of AutoNation's products and services, or as to some affiliation, connection, or association of AutoNation with Defendants;

(c) enables Defendants to trade off and receive the benefit of goodwill AutoNation and its indirectly owned subsidiaries have built up at great labor and expense over many years, and to generate consumer interest in Defendants' products and services not on its own merits, but on the reputation and goodwill of the AutoNation, the AutoNation Service Marks, and AutoNation's products and services; and

(d) unjustly enriches Defendants.

23. On August 15, 2016 and September 15, 2016, AutoNation sent Defendants letters requesting that they cease and desist all use of the AutoNation Service Marks. True and correct copies of AutoNation's August 15, 2016 and September 15, 2016 letters are attached hereto as Exhibits I and J, respectively, which by this reference, are herein incorporated.

24. Having not received a response to the foregoing letters, AutoNation sent Defendants a third letter on October 8, 2016, renewing its request to Defendants to cease and desist all use of the AutoNation Service Marks.

25. To date, Defendants have not responded in writing to any of AutoNation's letters.

26. As of the filing of this Complaint, however, Defendants are still using the AutoNation Service Marks in connection with the sale of automobiles.

27. AutoNation has been damaged and continues to be damaged by Defendants' unauthorized use of the AutoNation Service Marks in the manner described above in an amount which is not presently ascertainable, but will be proven at trial.

28. Unless these acts of Defendants are restrained by this Court, Defendants' actions will continue to cause irreparable injury to AutoNation and to the public for which there is no adequate remedy at law.

**COUNT I**
**Federal Trademark Infringement**
**(Lanham Act § 32, 15 U.S.C. § 1114(1))**

29. AutoNation incorporates by reference each and every allegation contained in Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. AutoNation's use of the AutoNation Service Marks predates any alleged use by Defendants in the United States.

31. Defendants' unauthorized use of the AutoNation Service Marks in connection with its online promotions for identical or substantially similar goods and services is likely to cause confusion, to cause mistake, or to deceive as to the source or sponsorship of Defendants' goods and services and the sponsorship or endorsement of those goods or services by AutoNation and its directly owned subsidiaries.

32. Defendants' unauthorized use of the AutoNation Service Marks in connection with its online promotions for identical or substantially similar goods and services is likely to cause confusion, to cause mistake, or to deceive as to the source or sponsorship of AutoNation's goods and services and the sponsorship or endorsement of those goods or services by Defendants.

33. The acts of Defendants complained of herein constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34. The acts of Defendants complained of herein were committed willfully and deliberately, in bad faith, with full knowledge of AutoNation's rights, and with the intention of deceiving and misleading the public and causing harm to AutoNation.

35. As a direct and proximate result of Defendants' infringing activities, AutoNation has suffered and, upon information and belief, will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

36. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and AutoNation has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, AutoNation will continue to suffer irreparable injury and damage.

**COUNT II**
**Federal Unfair Competition and False Designation of Origin**
**(Lanham Act §43(a), 15 U.S.C. § 1125(a))**

37. AutoNation incorporates by reference each and every allegation contained in Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

38. AutoNation's use of the AutoNation Service Marks predates any alleged use by Defendants in the United States.

39. Defendants' unauthorized use of the AutoNation Service Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants or Defendants' goods, services, or commercial activities with AutoNation or AutoNation's goods, services, or commercial activities, or as to the origin, sponsorship, or approval of Defendants' goods, services or commercial activities by AutoNation.

40. Defendants' unauthorized use of the AutoNation Service Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of

AutoNation or AutoNation's goods, services, or commercial activities with Defendants or Defendants' goods, services, or commercial activities, or as to the origin, sponsorship, or approval of AutoNation's goods, services or commercial activities by Defendants.

41. Defendants' use of the AutoNation Service Marks is competing unfairly with AutoNation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. The acts of Defendants complained of herein constitute false designation of origin, unfair competition and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. The acts of Defendants complained of herein were committed willfully and deliberately, in bad faith, with full knowledge of AutoNation's rights, and with the intention of deceiving and misleading the public and causing harm to AutoNation.

44. As a direct and proximate result of Defendants' infringing and unlawful acts, AutoNation has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

45. The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause AutoNation to suffer irreparable harm. Unless the foregoing alleged actions of Defendants are enjoined, AutoNation will continue to suffer irreparable injury and damage.

**COUNT III**
**Federal False Advertising**
**(Lanham Act §43(a), 15 U.S.C. § 1125(a))**

46. AutoNation incorporates by reference each and every allegation contained in Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

47. AutoNation's use of the AutoNation Service Marks predates any alleged use by Defendants.

48. Defendants' unauthorized use of the AutoNation Service Marks, in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendants' goods, services, or commercial activities.

49. Defendants' use of the AutoNation Service Marks is a false or misleading statement of fact in a commercial advertisement about a product or service in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Defendants' use of the AutoNation Service Marks in interstate commerce in connection with its automotive products and services has either deceived or has the capacity to deceive a substantial segment of potential consumers, and such deception is material, in that it is likely to influence the consumers' purchasing decisions.

51. The acts of Defendants complained of herein constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. The acts of Defendants complained of herein were committed willfully and deliberately, in bad faith, with full knowledge of AutoNation's rights, and with the intention of deceiving the public and causing harm to AutoNation.

53. As a direct and proximate result of Defendants' infringing and unlawful acts, AutoNation has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

54. The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause AutoNation to suffer irreparable harm. Unless the

foregoing alleged actions of Defendants are enjoined, AutoNation will continue to suffer irreparable injury and damage.

**COUNT IV**
**Deceptive and Unfair Trade Practices**
**(Fla. Stat. Ann. §§ 501.201 *et seq.*)**

55. AutoNation incorporates by reference each and every allegation contained in Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

56. The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") renders unlawful unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce, pursuant to § 501.204, Fla. Stat.

57. At the time Defendants engaged in the acts complained of herein, Defendants were engaged in trade or commerce as defined in § 501.203, Fla. Stat.

58. Defendants' practices as set forth herein constitute unfair competition in violation of FDUTPA, §§ 501.211(1)-(2), Fla. Stat., as they are likely to deceive and mislead the public.

59. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and AutoNation has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, AutoNation will continue to suffer irreparable injury and damage.

**COUNT V**
**Trademark Infringement and Unfair Competition**
**(Common Law of Florida)**

60. AutoNation incorporates by reference each and every allegation contained in Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

61. The acts of Defendants complained of herein constitute trademark infringement and unfair competition in violation of the common law of Florida.

62. Defendants' unauthorized use of the AutoNation Service Marks as described above has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the relationship or affiliation of the Defendants with AutoNation and the source, origin, or sponsorship of their respective products and services.

63. Defendants' unauthorized use of the AutoNation Service Marks as described above has impaired, is impairing and, unless enjoined by this Court, will continue to impair AutoNation's reputation and has caused, is causing and, unless enjoined by this Court, will continue to cause injury and damage to AutoNation for which AutoNation is entitled to relief under the common law.

64. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and AutoNation has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, AutoNation will continue to suffer irreparable injury and damage.

WHEREFORE, AutoNation respectfully prays that this Court:

A. Enter judgment for AutoNation on all of its claims.

B. Enjoins and restrains Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with Defendants, during the pendency of this action, and permanently thereafter, from:

(1) using the AutoNation Service Marks, or any other name or mark that is confusingly similar to the AutoNation Service Marks, or any other mark or designation of

AutoNation or its individually owned subsidiaries and affiliates, including, but not limited to, use of the AutoNation Service Marks in or on signs, banners, advertisements, coupons, websites, photographs posted on internet websites, videos posted on internet websites, metatags, marketing materials, or anywhere else in connection with Defendants' business; and

(2) doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or their products or services, emanate from, or are connected with, sponsored by or approved by AutoNation.

C. Order that all Internet web sites, online advertising, marketing, promotions, or other online materials bearing the AutoNation Service Marks which are owned or controlled by Defendants be removed permanently;

D. Order Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on AutoNation's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

E. Declare that Defendants' unauthorized use of the AutoNation Service Marks infringes AutoNation's rights in and to the AutoNation Service Marks;

F. Declare that Defendants' infringement was knowing, intentional, deliberate, and willful;

G. Award AutoNation compensation for any and all damages, injury, or harm incurred as a result of Defendants' unlawful conduct;

H. Order full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendants as a result of its wrongful conduct;

I. Award AutoNation treble damages resulting from Defendants' willful and intentional conduct;

J. Award AutoNation punitive and exemplary damages;

K. Assess AutoNation's attorneys' fees and costs of this action; and

L. Enter any and all other relief as this Court deems just and proper.

**Jury Demand**

AutoNation demands a trial by jury for all issues so triable as a matter of right.

Date: June 9, 2017

Respectfully submitted,

LAW OFFICE OF RICHARD A. IVERS
Counsel for Plaintiffs
7451 Wiles Road, Suite 101
Coral Springs, Florida 33067
Telephone: (954) 757-6262
Facsimile: (954) 757-6594
E-Mail: richard@iverslawfirm.com
E-Mail: teresa@iverslawfirm.com

By: s/.Richard A. Ivers
RICHARD A. IVERS
Florida Bar No. 890261